UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


KAREN KAYE WATSON,                       )
                                         )
          Plaintiff,                     )
                                         )
VS.                                      )          CIVIL ACTION NO.
                                         )
J.P. MORGAN CHASE BANK, N.A.,            )          3:19-CV-2612-G
                                         )
          Defendant.                     )
                                         )


MEMORANDUM OPINION AND ORDER

Before the court is the defendant JPMorgan Chase Bank, N.A. ("Chase")'s

motion to dismiss the plaintiff Karen Kaye Watson ("Watson")'s complaint pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant's Motion to

Dismiss Plaintiff's Complaint ("Motion") (docket entry 4).  For the reasons set forth

below, the motion is **GRANTED**.

I.  BACKGROUND

A.  Factual Background

On or about December 23, 2003, Watson executed a deed of trust securing a

mortgage loan of $914,500 on the property located at 4323 Beverly Drive, Highland

Park, Texas 75205 ("the property").  Appendix to Brief in Support of Defendant's

Motion to Dismiss ("Appendix in Support") (docket entry 6) at App. 3.  Watson

defaulted on the mortgage and, after a number of lawsuits and bankruptcies involving

the property, Deutsche Bank National Trust Company ("Deutsche Bank") purchased

the property at a non-judicial foreclosure sale on October 1, 2019 for $1,647,000.

Defendant's Brief in Support of Motion to Dismiss ("Brief in Support") at 1-2;

Appendix in Support at App. 30.  Deutsche Bank listed its address on the substitute

trustee's deed as c/o JPMorgan Chase Bank in Columbus, Ohio.  Appendix in

Support at App. 30.  On October 11, 2019, the sale was recorded in the real property

records of Dallas County, Texas.  *Id.*  On October 25, 2019, a representative of Chase

signed an "Affidavit of Posting" certifying that she filed a notice of the sale with the

county clerk of Dallas County and posted a notice of the sale at the courthouse in

Dallas Country on August 29, 2019.  *Id.* at 34.  The Dallas Central Appraisal District

lists the 2019 certified market value of the property as $1,935,910.  Defendant's

Notice of Removal ("Notice of Removal") (docket entry 1), Exhibit B at 2.

### B.  Procedural Background

This is the third case Watson has brought against Chase challenging a

scheduled or actual foreclosure on the property.  Brief in Support at 1.  On May 1,

2017, Watson filed a suit for temporary and permanent equitable relief against Chase

("*Watson I*").  Notice of Removal, Exhibit C at 2.  After removal of the case to this

court, the Honorable Sam Lindsay dismissed *Watson I* without prejudice on February

2, 2018.  Brief in Support at 2.  On September 10, 2019, Watson filed a second suit

for declarative and injunctive relief to stop the foreclosure process ("*Watson II*").  *Id.*

at 3.  On October 10, 2019, Watson filed a motion to dismiss *Watson II*.  *Id.*  The

court dismissed *Watson II* on October 11, 2019.  *Id.*  On October 16, 2019, Watson

filed the instant case in the 298th Judicial District Court of Dallas County, Texas.

Plaintiff's Original Petition ("Original Petition"), *attached to* Notice of Removal as

Exhibit A-2 at 8.

By her original petition, Watson: asserts a claim for wrongful foreclosure

against Chase on various grounds; seeks a judicial determination of the fair market

value of the property under Texas Property Code section 51.004; and seeks a

declaratory judgment nullifying and setting aside the October 1, 2019 foreclosure

sale.  *Id.* at 9-10.  In her response to Chase's motion, Watson also asserts for the first

time a breach of contract claim against Chase for its alleged failure to provide Watson

with notice of the foreclosure sale.  Plaintiff's Response and Brief in Support of

Response to Defendant's Motion to Dismiss ("Response") (docket entry 7) at 2.

On November 4, 2019, Chase timely removed the case from the Dallas County

Court to the United States District Court for the Northern District of Texas.  Notice

of Removal at 1.

On November 13, 2019, Chase filed its motion to dismiss Watson's

complaint.  Motion at 1.  On December 27, 2019, Watson responded to Chase's

motion to dismiss.  Response at 1.  On January 10, 2020, Chase replied to Watson's

response to its motion to dismiss.  Reply Brief in Support of Defendant's Motion to

Dismiss ("Reply") (docket entry 8).  Chase's motion to dismiss is now ripe for

decision.

## II.  ANALYSIS

### A.  Motion to Dismiss Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

'enough facts to state a claim of relief that is plausible on its face.'" *In re Katrina*

*Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182

(2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of

[her] entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at

555 (citations, quotation marks, and brackets omitted).  "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*

*Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation

marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in

the light most favorable to the plaintiff." *Id.*  (quoting *Martin K. Eby Construction*

*Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004))

- 4 -

(internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice of pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss.  *Id.* at 678.  The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.  (alteration in original) (quoting Federal Rule of Civil Procedure 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" [her] claims against the defendant "across the line from conceivable to plausible."  See *id.* at 679, 683.

B.  <u>Application</u>

Watson's first cause of action is for wrongful foreclosure on the property based

on Chase's alleged failure to provide proper notice of the foreclosure sale and failure

to obtain an appropriate bid price.  Original Petition at 9.  Watson also asserts that

Chase failed to provide her with an opportunity to cure her default, which resulted in

a breach of contract by Chase.*  Response at 2.  Watson's second cause of action is

for a determination of the fair market value of the property pursuant to Texas

Property Code section 51.004.  Original Petition at 9.  By her third and fourth causes

of action, Watson seeks a declaration that the October 1, 2019 foreclosure sale is a

nullity, and that the foreclosure sale be set aside.  *Id*.  Finally, Watson's fifth cause of

action is a request for disclosure from Chase, pursuant to Rule 194 of the Texas Rules

of Civil Procedure.  *Id.*  The court will address each of Watson's claims in turn.

1.  *Wrongful Foreclosure*

A successful claim for wrongful foreclosure requires the plaintiff to show a

defect in the foreclosure process outlined under Texas Property Code section 51.002,

as well as an inadequate sale price as a result of that defect.  *Biggers v. BAC Home

Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (Fitzwater, Chief J.)

(quoting *Sauceda v. GMAC Mortgage Corporation*, 268 S.W.3d 135, 139 (Tex. App.-

---

* Watson did not raise a breach of contract claim in her complaint, nor does
she allege any of the elements of a breach of contract in her response. This court will
not therefore address the claim, as it has not been adequately pled.

Corpus Christi 2008, no pet.)).  Watson alleges two defects in the foreclosure

process: (1) a lack of proper notice of the foreclosure sale, and (2) a lack of notice

and opportunity to cure her default.  Original Petition at 9; Response at 1.  Watson

alleges that the first defect resulted in an inadequate sale price of the property.

Original Petition at 9.  Chase argues that Watson has failed to state a claim for

wrongful foreclosure.  Brief in Support at 2.  The court agrees with Chase.

In Texas, a sale of real property under a deed of trust or other contract lien is

governed by Texas Property Code § 51.002.  According to this statute, the sale must

occur in a public auction held on the first Tuesday of the month, between 10:00 a.m.

and 4:00 p.m., and it must take place at the county courthouse in the county where

the property is located.  Tex. Prop. Code § 51.002(a).  Notice of the sale must be

given at least 21 days before the date of the sale by: (1) posting at the courthouse;

(2) filing in the office of the clerk; and (3) serving written notice of the sale on each

debtor by certified mail.  Tex. Prop. Code § 51.002(b).  Absent any contrary

agreement, the mortgage servicer "shall serve a debtor in default under a deed of trust

or other contract lien . . .  with written notice by certified mail stating that the debtor

is in default . . . and giving the debtor at least 20 days to cure the default before

notice of the sale can be given under Subsection (b)."  Tex. Prop. Code § 51.002(d).

Watson contends that she did not receive proper notice of the foreclosure sale.

Original Petition at 9.  Chase, however, has provided an affidavit stating that proper

- 7 -

notice was sent to Watson, and that the notice of the foreclosure was sent by

certified mail at least 21 days prior to the sale.  Appendix in Support at App. at 31.

The Texas Property Code Section 51.002(e) provides in pertinent part that "[t]he

affidavit of a person knowledgeable of the facts to the effect that service was

completed is prima facie evidence of service."  Chase's affidavit of posting establishes

that the proper notices were filed in Dallas County with the clerk and posted in the

courthouse on August 29, 2019, more than the required 21 days before the

foreclosure sale on October 1, 2019.  Appendix in Support at App. 34.

Watson also contends that she did not receive a notice of her default and

opportunity to cure her default prior to the foreclosure sale.  Response at 1-2. This is

the third action that Watson has brought in regards to the property, the prior two

having been filed in 2017 and 2019.  Notice of Removal, Exhibit C at 2-3.  Three

cases in as many years involving a defaulted debt on the same property are a clear

indication that Watson had knowledge of the foreclosure process and her default.

Therefore, there is no doubt that Watson received notice and had ample opportunity

to cure.

Watson additionally alleges an inadequate sale price for the foreclosure sale on

October 1, 2019.  Original Petition at 9.  A claim for wrongful foreclosure "based

merely on showing a defect in the foreclosure process" is not enough.  *Biggers*, 767 F.

Supp. 2d at 729.  "[I]t is also necessary that there be an inadequate selling price

resulting from the defect." *Id.* In Texas, "cases establish that a foreclosure price exceeding 50% [of the property's fair market value] is not grossly inadequate." *Water Dynamics, Ltd. v. HSBC Bank USA, National Association*, 509 Fed. Appx. 367, 369 (5th Cir. 2013). Additionally, the party disputing the sale is required to provide "evidence showing that a better price would have resulted if the sale was conducted in a different manner." *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (Jones, J.) (quoting *Hunt v. Jefferson Savings & Loan Association*, 756 S.W.2d 762, 764 (Tex. App.-Dallas 1988, writ denied)).

The court has already determined that, in conformity with Texas Property Code Section 51.002(e), Watson received notice of and had the opportunity to cure her default, and thus, that there was no defect in the foreclosure process. Even if there had been a defect in the foreclosure process, however, the court would have to consider whether or not the defect resulted in an inadequate sale price. *Biggers*, 767 F. Supp. 2d at 729. Watson alleges no facts that identify the sale price as inadequate, or that the inadequacy resulted from the alleged lack of proper notice. The sale price for the home was $1,647,000 and the value given by the Dallas Central Appraisal District was $1,935,910. Brief in Support at 2; Notice of Removal, Exhibit B at 2. Here, the sale price is approximately 85% of the fair market value. Therefore, even if there were a defect in the foreclosure process, the sale price was not inadequate. See *Water Dynamics*, 509 Fed. Appx. 367 at 369 ("Texas cases establish

- 9 -

that a foreclosure price exceeding 50% is not grossly inadequate.").  For these reasons, Watson fails to state a claim for wrongful foreclosure.

### 2.  *Determination of Fair Market Value*

Watson also seeks determination of the fair market value of the property pursuant to Texas Property Code section 51.004.  Original Petition at 10.  Section 51.004 only applies if "real property subject to a deed of trust or other contract lien is sold at a foreclosure sale under a court judgment . . . ordering the sale" and the price the property is sold for results in a deficiency.  Tex. Prop. Code § 51.004(a).  Here, there are no facts to indicate that the foreclosure sale in question was a judicial foreclosure.  Therefore, section 51.004 is inapplicable to this case and Watson is not entitled to a determination of the fair market value of the property.

### 3.  *Rule 194 Disclosure*

Watson requests disclosure by Chase under Texas Rule of Civil Procedure 194.  Original Petition at 10.  A federal court sitting in diversity applies federal procedural law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Thus, Federal Rule of Civil Procedure 26(a) governs the required disclosures a party must provide to the other parties to the suit.  Because this rule imposes a duty to disclose on all parties, the disclosure request in Watson's complaint is denied.

### 4.  *Suit for Declaratory Judgment and to Set Aside the Foreclosure Sale*

Watson also requests two additional forms of relief from the court: (1) a

- 10 -

declaration that the foreclosure sale is a nullity and (2) a request to set aside the foreclosure sale.  Original Petition at 10.  Because the court grants Chase's motion to dismiss with respect to Watson's claim for wrongful foreclosure, Watson's request to declare the sale a nullity and to set aside the foreclosure sale is denied as moot.

## III.  CONCLUSION

In accordance with the foregoing, Chase's motion to dismiss Watson's claim for wrongful foreclosure pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED**.  Judgment will be entered that Watson take nothing from Chase on her claims in this case.

**SO ORDERED**.

June 5, 2020.

_A. Joe Fish_____
A. JOE FISH
Senior United States District Judge